**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 25-287** |
| **DEVON FRITH** | **SECTION: "L"** |

**ORDER AND REASONS**

Before the Court is a Motion in Limine filed by Defendant Devon Frith. R. Doc. 31. Mr. Frith seeks the exclusion from use at trial of three categories of evidence. First, Frith asks the Court to exclude a text message he sent seventeen days prior to the carjacking Frith is alleged to have committed in the instant indictment. *Id.* at 3. Second, Frith seeks to exclude text messages he sent referencing controlled substances and drug activity. *Id.* at 5. Finally, Frith moves the Court to exclude his communications from jail referencing his a potential plea agreement in this matter. *Id.* at 6. The Government has responded in opposition to the exclusion of the first and third categories of evidence, but states that it does not intend to introduce Frith's text messages referencing controlled substances and drug activity. R. Doc. 35 at 1. Frith filed a reply memorandum. R. Doc. 36. Having considered the briefing in light of the applicable law and record facts, the Court will DENY Frith's Motion for the following reasons.

As an initial matter, because the Government does not seek to introduce Frith's text messages related to controlled substances and drug activity, Frith's motion is moot with respect to this category of evidence. The Court will thus discuss only the first and third categories of evidence Frith seeks to exclude from use at trial.

**1. The "Gun" Text Message**

Frith asks the Court to preclude the Government from introducing at trial a text message he sent to Ireion Allen, a witness in this matter, stating "Don't forget the gun out my booksack." R. Doc. 31 at 3. Frith argues that this text message constitutes evidence of other crimes or bad acts and is thus inadmissible under Federal Rule of Evidence 404(b). *Id*. However, as the Government points out, Frith was not prohibited from possessing a firearm when he sent the text message. R. Doc. 35 at 2. Frith's lawful possession of a firearm is thus not a prior bad act and his statement does not implicate Rule 404. *See United States v. Barse*, 2025 WL 1276074, at *4 (D.S.D. May 2, 2025) ("Lawful possession of firearms by those not prohibited from doing so is protected under the Second Amendment . . . The mere possession of a firearm is not a prior bad act and does not prejudice [the defendant]."). Moreover, Frith's possession of what he referred to as a gun, whether real or not, is evidence that is intrinsic to the instant offense, and thus not subject to exclusion under Rule 404(b). The Court has already agreed to provide the jury with a limiting instruction regarding the extent to which it may consider evidence that Frith possessed a firearm at times other than during the subject incident and finds that such instruction will adequately protect Frith from any unwarranted inferences that may result from the inclusion of this evidence.

**2. The Jail Communications**

Frith also asks the Court to exclude four text messages Frith sent from jail indicating that he intended to plead guilty to the subject charges and a phone call Frith made in which he indicated that he had changed his mind about pleading guilty because he did not believe Ireion Allen would appear to testify at trial. *See* R. Doc. 35 at 6. The Government argues that this evidence is relevant and highly probative as admissions or consciousness of guilt. *Id.* Frith argues that any probative value of this evidence is outweighed by potential prejudice because the jury may misconstrue his

general willingness to take a plea in this matter as an admission of guilt to Charge 2 in this matter, for brandishing a firearm. R. Doc. 36 at 5. However, as Frith himself points out, "Generalized willingness to 'plea out'. . . has little incremental value in deciding whether the June 4 object was a statutory firearm or whether Mr. Frith possessed the requisite intent for a violation of 18 U.S.C. § 2119." The Court cannot find that these statements of Frith himself are irrelevant, and any potential prejudice will be cured by the jury instructions directing the jurors what they can and cannot consider, and what they must find to return a verdict of guilty. Accordingly;

**IT IS ORDERED** that Frith's Motion, R. Doc. 31, is **DENIED**.

New Orleans, Louisiana, this 25th day of August, 2026.

Eldon E. Fallon

United States District Judge